TENTATIVE RULING

ISSUED BY JUDGE LOUISE DECARL ADLER

Debtor:     CHAUNTEL MARIE BLACKWOOD
Number:     17-07347-LA13

Hearing:    02:00 PM   Wednesday, April 18, 2018

Motion:     1) MOTION TO ALLOW CLAIMS   AND LATE OBJECTION TO CHAPTER 13 PLAN FILED BY KRISTIN A. ZILBERSTEIN ON BEHALF OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1, ITS SUCCESSORS AND/OR ASSIGNEES

Motion to Allow Late-Filed Claim **DENIED**.

     Bankruptcy Rule 9006(b) allows a court to permit late filings where the movant's failure to comply with the deadline "was the result of excusable neglect." The Supreme Court set out the standard of "excusable neglect" for allowing a proof of claim to be filed after the claims bar date as an equitable one, whereby the court should consider "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv.'s Co. v. Brunswick Assoc.'s Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include: (1) the danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*.

     Here, the Movant never reconciles the fact that their address on the Creditor's Matrix was the same for both petitions and they received the notice in time to file a proof of claim in the first petition. Furthermore, Bankruptcy Rule 2002(g) is very clear that "an entity and a notice provider may agree that when the notice provider is directed by the court to give a notice, the notice provider shall give the notice to the entity in the manner agreed to and at the address or addresses the entity supplies to the notice provider. That address is conclusively presumed to be a proper address for the notice." Fed. R. Bankr. P. 2002(g)(4). If the Movant provided the address that was used for notice, the Court cannot find that their failure to provide the correct address is excusable neglect; especially when they timely received notice at that address in the debtor's prior petition.

If counsel for movant is prepared to accept the tentative ruling, she should notify counsel for the debtor and the courtroom deputy and appearances on this matter will be excused.   In that event, debtor's counsel shall prepare an order in accordance with the tentative ruling.

2) OBJECTION TO CONFIRMATION OF CHAPTER 13   (AMENDED) PLAN   FILED BY JENNIFER C. WONG OF MCCARTHY & HOLTHUS, LLP ON BEHALF OF GUILD MORTGAGE COMPANY.

Objection to Confirmation of Plan **SUSTAINED.**   Unopposed.   Guild Mortgage claims there are arrearages on its secured claim while debtor's plan makes no provision for payment of same.   Debtor must amend plan within 14 days of the date of this hearing to provide for the claim.   If she fails to do so, creditor may upload an order dismissing this case without further hearing.

As this objection was unopposed, Court excuses appearance of counsel.